FILED IN CHAMBERS
U.S.D.C. - Atlanta

JAN 21 2014

JAMES N. HATTEN, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARIECE SIMS, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:04-CR-0048-ODE-JFK-1 |
| UNITED STATES OF AMERICA, | : | |
| | : | CIVIL FILE NO. |
|    Respondent. | : | 1:13-CV-3852-ODE-JFK |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

The matter is before the Court on Movant's 28 U.S.C. § 2255 motion that challenges the constitutionality of his convictions and sentences entered in this Court under the above criminal docket number, (Doc. 240), the Final Report and Recommendation ("R&R") issued by United States Magistrate Judge Janet F. King, (Doc. 241), and Movant's objections, (Doc. 243).

In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565

F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).

I. **Discussion**

Movant is guilty of kidnaping, sex trafficking, transporting a minor across state lines for prostitution, transporting a person across state lines for prostitution, and coercing a person to travel across state lines for prostitution. (Docs. 72, 127.) In October 2007, the Court reimposed Movant's concurrent sentences of twenty-eight, ten, and twenty years. (Docs. 169, 202.) Movant appealed and argued, among other things, that "the district court erred in considering acquitted conduct at his resentencing hearing." United States v. Sims, 299 F. App'x 945, 945 (11th Cir. 2008). On November 12, 2008, the Eleventh Circuit Court of Appeals found as follows:

> Our long-standing precedent directs that "[r]elevant conduct of which a defendant was acquitted nonetheless may be taken into account in sentencing for the offense of conviction, as long as the government

2

proves the acquitted conduct relied upon by a preponderance of the evidence." United States v. Barakat, 130 F.3d 1448, 1452 (11th Cir. 1997). The Supreme Court explained, in United States v. Watts, 519 U.S. 148, 117 S. Ct. 633, 636 . . . (1997), that "sentencing enhancements do not punish a defendant for crimes of which he was not convicted, but rather increase his sentence because of the manner in which he committed the crime of conviction." Therefore, "consideration of information about the defendant's character and conduct at sentencing does not result in 'punishment' for any offense other than the one of which the defendant was convicted." Id. (quotation omitted). In United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 756 . . . (2005), the Supreme Court held that a jury must determine beyond a reasonable doubt any fact that increases the sentence of a defendant over the high end of the Guidelines range. However, we have held that Booker does not prohibit courts from considering relevant acquitted conduct in an advisory guidelines system as long as a court does not impose a sentence that exceeds what is authorized by the jury verdict. United States v. Duncan, 400 F.3d 1297, 1304-05 (11th Cir. 2005). . . .

The resolution of this issue is determined by our holding in Duncan, 400 F.3d at 1304-05, that acquitted conduct can serve as the basis for a sentence enhancement in an advisory guidelines system if the conduct is proven by a preponderance of the evidence.

Id. at 948-49. On January 15, 2009, the Eleventh Circuit, *en banc*, denied a rehearing.

United States v. Sims, No. 07-14975-ASA (11th Cir. Jan. 15, 2009).

On June 17, 2013, after Movant's conviction became final, the United States Supreme Court held based on its earlier holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), that a fact such as the brandishing of a firearm – which increases the

3

mandatory minimum sentence under 18 U.S.C. § 924(c)(1)(A)(ii) – must be submitted to the jury. Alleyne v. United States, _ U.S._, _, 133 S. Ct. 2151, 2163 (2013).

On November 12, 2013, Movant filed his current § 2255 motion.[1] (Doc. 240.) Movant argues, based on Alleyne, that the court erred in using his acquitted conduct of obstruction of justice to add a two-level upward adjustment to his guidelines sentencing range and asserts that his § 2255 motion is timely because he is actually innocent of that adjustment. (Doc. 240, Attach. at 5-6.)

The Magistrate Judge has recommended that Movant's § 2255 motion be dismissed as untimely and that a certificate of appealability (COA) be denied. (Doc. 241 at 6, 10.) The Magistrate Judge found that the actual innocence exception was inapplicable because Movant, in his attempt to raise again the same issue that he unsuccessfully raised on direct appeal, had presented no previously unavailable facts to show actual innocence. (Id. at 6.) The Magistrate Judge also relied on cases from several circuits, including the Eleventh Circuit Court of Appeals, and found that

---

[1] Generally, a prisoner filing is deemed filed on the day that the prisoner delivered it for mailing to prison officials, which, absent evidence to the contrary, is presumed to be the date on which he signed it. Day v. Hall, 528 F.3d 1315, 1318 (11th Cir. 2008) (citing Houston v. Lack, 487 U.S. 266, 276 (1988), and Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001)).

Movant's attempt to rely on Alleyne failed because Alleyne is not retroactively applicable under § 2255(f)(3). (Doc. 241 at 6-7.)

Movant objects to the finding that he does not qualify for the actual innocence exception to the federal limitations period. (Doc. 243.)

A § 2255 motion is subject to a one-year statute of limitations that runs from the latest of, among other things,[2] "(1) the date on which the judgment of conviction becomes final" or "(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f). In addition, actual innocence provides an exception, though rare, to the Antiterrorism and Effective Death Penalty Act's ("AEDPA's") time limitations. McQuiggin v. Perkins, _ U.S. _, _, 133 S. Ct. 1924, 1928 (2013) (citing Schlup v. Delo, 513 U.S. 298, 329 (1995)). The actual innocence exception requires that a movant come forward with new reliable evidence. Schlup, 513 U.S. at 324 (1995).

Here, Movant does not attempt to show that he is innocent of his crimes of conviction. Hill v. United States, _ F. App'x _, 2013 WL 5526521, at *2 (11th Cir.

---

[2]The Magistrate Judge has recommended that there is no indication that § 2255(f)(2) and (4) apply, and the Court finds no clear error in that recommendation.

5

Oct. 8, 2013) ("Under the actual-innocence exception, the defendant must show that he was 'actually innocent either of the crime of conviction or, in the capital sentencing context, of the sentence itself.'" (quoting McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011)). To the extent that the actual innocence exception applies to Movant's non-capital sentencing enhancement, Movant's attempt to show that it applies to him fails because the actual innocence exception is inapplicable to claims of legal innocence and Movant appears to argue only that he is legally innocent of the enhancement (i.e., his acquitted conduct cannot legally be used to enhance his sentence). See id. ("Although we expressly did not resolve whether the actual-innocence exception extended to the non-capital sentencing contexts, . . . we refused 'to extend the actual innocence of sentence exception to claims of legal innocence of a predicate offense justifying an enhanced sentence.'" (quoting McKay, at 1198-99)). Further, in raising the same issue that he had raised on direct appeal, Movant fails to come forward with any new reliable evidence to show that he is factually innocent of the acquitted conduct used to enhance his sentence. Movant is not entitled to the actual innocence exception.

Movant also objects to the Magistrate Judge's finding that Alleyne does not apply. (Doc. 243 at 3.) Movant does not address the Magistrate Judge's reasoning or

the cases on which she relied. On review, the Court finds no error in the Magistrate Judge's recommendation, and Movant is not entitled to application of § 2255(f)(3). Otherwise, the Court has reviewed the Report and Recommendation for clear error and finds none.

## II. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Movant's objections, (Doc. 243), are **OVERRULED**; that the Magistrate Judge's Final Report and Recommendation, (Doc. 241), is **ADOPTED** as the Order of the Court; that Movant's § 2255 motion, (Doc. 240), is **DISMISSED** as untimely; and that a COA is **DENIED**.

**IT IS SO ORDERED**, this 17 day of _____, 2014.

_____
ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)